# 𝔍n the 𝔘nited 𝔖tates 𝔈ourt of 𝔉ederal 𝔈laims
**OFFICE OF SPECIAL MASTERS**
No. 11-771V
Filed: July 18, 2014

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | UNPUBLISHED |
| DONNA BARKAS, as Personal Representative of * | |
| the Estate of BRIAN BARKAS, deceased, * | |
| * | Special Master |
| * | Hamilton-Fieldman |
| * | |
| Petitioner, * | Petitioner's Motion to Dismiss Petition; |
| v. * | Insufficient Proof of Causation; Vaccine Act |
| * | Entitlement; Denial Without Hearing. |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | |

F. John Caldwell, Jr., Maglio, Christopher & Toale, Sarasota, FL, for Petitioner.
Melonie J. McCall, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On November 15, 2011, Brian Barkas filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program"), 42 U.S.C. §300aa-10, *et seq.* (2006),[2] alleging that he suffered from transverse myelitis as a result of receiving the influenza vaccination on August 31, 2010. Petition ("Pet.") at 2, ECF No. 1. The information in the record does not show entitlement to an award under the Program.

---

[1] The undersigned intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to file a motion for redaction "of any information furnished by that party (1) that is trade secret or commercial or financial information and is privileged or confidential, or (2) that are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." In the absence of such motion, the entire decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2006).

On July 17, 2014, the undersigned granted Petitioner's Motion to Recaption Case since Petitioner had passed away intestate and with no assets. Petitioner's spouse was therefore substituted as Petitioner in this case. Motion, ECF No. 41; Order, ECF No. 42. On July 18, 2014, Petitioner moved for a Final Decision on the Record, acknowledging that an expert report would not be filed in this case.

To receive compensation under the Program, Petitioner must prove either 1) that the injured party suffered a "Table Injury"-i.e., an injury falling within the Vaccine Injury Table-corresponding to vaccination, or 2) that the injured party suffered an injury that was actually caused by a vaccine. *See* §§ 13 (a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that Brian Barkas suffered a "Table Injury." Further, the record does not contain persuasive evidence indicating that Mr. Barkas's alleged injury was vaccine-caused.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting Petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion.

Accordingly, it is clear from the record in this case that Petitioner has failed to demonstrate either that Mr. Barkas suffered a "Table Injury" or that Mr. Barkas's injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master